# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PERRY AVERY, JR., | ) | CASE NO. 1:18-cv-380 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Perry Avery, Jr. filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated in FCI Allenwood, located in White Deer, Pennsylvania. He was convicted in this Court in 2011 on charges of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack). He received a sentence of 110 months of incarceration and three years of supervised release. In this petition, Avery challenges his sentence, claiming the enhancement he received under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 is unconstitutional in light of *Johnson v. United States*, – U.S. –, 135 S. Ct. 255, 192 L. Ed. 2d 569 (2015). He states he is entitled to habeas relief under § 2241 because he pursued this claim under § 2255 and was denied relief. He acknowledges that this Court does not have jurisdiction over his custodian, but asks this Court to accept the case because he was sentenced in the Northern District of Ohio.

Before addressing the merits of the petition, this Court must first decide whether it has jurisdiction to hear this case. "A petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian[.]" *Walker v. Morrison*, 13 F. App'x 316, 317 (6th Cir. 2001). *See also Hernandez Jaruffe v. Chertoff*, No. 07-2253 (WJM),

2007 WL 1521181, at *2 (D.N.J. May 22, 2007) (jurisdiction over a § 2241 habeas corpus petition is limited to the district where the petitioner was being held in custody at the time petition was filed). Petitioner is incarcerated in White Deer, Pennsylvania, which is located within the Middle District of Pennsylvania. This Court may not entertain an action over which it lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. "District courts are afforded broad discretion in considering whether to dismiss or transfer[.]" *Nsixty, LLC v. uPost Media, Inc.*, No. 1:17-CV-335, 2017 WL 3605368, at *3 (S.D. Ohio Aug. 22, 2017).

The Court finds transfer of this case would not be the interest of justice because this matter is not properly brought in a § 2241 petition. A federal prisoner must challenge the legality of his conviction or sentence in a motion under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under § 2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition where his remedy under § 2255 is or was "inadequate or ineffective to test the legality of his detention." This exception does not apply where the prisoner asserted his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

In this case, petitioner already raised this claim in a § 2255 motion and was denied relief on the merits in light of the Supreme Court's holding in *Beckles v. United States,* – U.S. –, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) (distinguishing the Armed Career Criminal Act's unconstitutional residual clause from the residual clause in the advisory sentencing guidelines). *See United States v. Avery*, No. 1:11-cr-0012 (N.D. Ohio Mar. 31, 2017) (Doc. No. 889). A petition under § 2241 is not an additional remedy to that which is provided by § 2255.

Furthermore, petitioner's assertion that the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) allows him to proceed with this same claim under § 2241 after he was denied relief under § 2255 is incorrect. *Hill* permitted a federal prisoner to challenge to his sentence in a § 2241 petition, but only because the petitioner's sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), when the Sentencing Guidelines were mandatory and he was foreclosed from asserting the claim under § 2255. Here, petitioner was sentenced in 2011, six years after *Booker*, when the Sentencing Guidelines were advisory; he was not foreclosed from raising it in his § 2255 Motion.

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 6, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**